**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:07cr46**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MICHAEL GLENN POPE. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion to dismiss the indictment and, in the alternative, to continue the trial. Both motions are denied; however, in view of the vacation plans of defense counsel, the case will be the first one called for trial at the term commencing July 9, 2007.

## PROCEDURAL HISTORY

On May 3, 2007, the Defendant was charged with conspiracy to traffic in counterfeit trademarks, trafficking in counterfeit goods, and money laundering, in violation of 18 U.S.C. §§371, 2320 & 1957(a). The conspiracy was alleged to have existed from 2000 through October 2003.

Quince Spencer and William Spencer were named in the indictment as co-conspirators but not charged therein, having previously filed plea agreements with the Government in a separate criminal case.  **See, United States v. Spencer, Criminal Case No. 1:06cr42.**  A third co-conspirator is referred to in the indictment as "J.S." but the parties have reported that he died in either 2004 or 2005.

On May 25, 2007, the Defendant appeared with two retained attorneys, Andrew Banzhoff and James Mills.  Each of them was notified at that time that the case would be called for trial on July 9, 2007.  On June 25, 2007, the Government filed a notice of intent to offer evidence pursuant to Federal Rule of Evidence 404(b) due to the Defendant's prior conviction for counterfeiting.  **See, United States v. Pope, Criminal Case No. 4:97cr330.**

The Defendant now moves to dismiss the indictment due to pre-indictment delay.

## STANDARD OF REVIEW

The Due Process Clause of the Fifth Amendment is offended when "pre-indictment delay .... cause[s] substantial prejudice to [an accused's] rights to a fair trial and that delay was an intentional device to gain tactical

advantage over the accused." **United States v. Marion, 404 U.S. 307, 324 (1971).** However, prejudice alone resulting from pre-trial delay is not sufficient to warrant dismissal of an indictment. **United States v. Lovasco, 431 U.S. 783 (1977).** Indeed, where the delay is attributable to a legitimate investigation of the crime, prejudice is not sufficient "even if [the accused's] defense might have been somewhat prejudiced by the lapse of time." **Id., at 795.**

> [I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely "to gain tactical advantage over the accused," ... precisely because investigative delay is not so one-sided. Rather than deviating from elementary standards of "fair play and decency," a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt.

**Id., at 795-96.**

In the Fourth Circuit, in order to show that pre-indictment delay warrants dismissal, a defendant must show that he has suffered "actual prejudice" stemming from the delay. **Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996).** Actual prejudice, as opposed to speculative prejudice, must be shown. **Id.** In addition, a defendant must show that the actual prejudice was substantial; that is, that he was "meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected." **Id.** If actual

prejudice is shown, the court must then balance the prejudice against the government's need for the delay.  **Howell v. Barker, 904 F.2d 889, 895 (4th Cir. 1990).**

## DISCUSSION

The Defendant alleges that pre-indictment delay has prejudiced him in the following manners: (1) a search warrant was executed at the Defendant's place of business in October 2003 at which time law enforcement seized business records and evidence; (2) subsequent to the execution of that warrant, the Government conducted numerous interviews and amassed additional financial and business records; (3) in December 2003, a fire destroyed the building in which the Defendant operated his business causing the loss of business records; (4) his co-conspirators, the Spencer brothers, were indicted in 2006; (5) the unindicted co-conspirator, J.S., died; and (6) in March 2007, the Defendant's attorney apparently committed suicide causing the necessity for him to retain new counsel.

It is first noted that the Defendant admits that the Government continued its investigation of the case.  The Defendant alleges that records were seized during the search which led to additional interviews and the marshaling of additional evidence.  Second, the fire which destroyed the

Defendant's business premises cannot be and is not attributed to the Government.  Likewise, the fact that the Defendant's attorney may have committed suicide may not be laid at the feet of the Government.[1]

Although not clear, it appears that the Defendant claims he should have been indicted at the same time as his co-conspirators.  The Spencers were indicted in 2006, a fact which shows that the Government continued its investigative efforts.  This argument also overlooks the obvious scenario in criminal cases; the Defendant's co-conspirators provided evidence against the Defendant which led to his indictment.  **See, *e.g.*, United States v. McKoy, 129 Fed.Appx. 815 (4th Cir. 2005) ("[T]he prosecutors carefully and thoroughly developed a case against McKoy by continuing to investigate [his] conduct, by prosecuting others against whom the government had developed strong cases and then by using their evidence to complete the development of a solid case against McKoy.").**

The Defendant has not alleged that the Government intentionally delayed indictment.  "Rather, he asserts that the Government's reasons for the delay do not justify the prejudice he has allegedly suffered." **United States v. Dizelos, 217 F.3d 841 \*\*5 (4th Cir. 2000).**  For example, the

---

[1]The Defendant acknowledges this in a footnote.

Defendant admits that as soon as the search occurred, he located J.S. and spoke with him. According to the Defendant, J.S. expressed his belief that the Defendant was a legitimate business man. Thus, he claims the Government should have interviewed J.S. According to the Government, however, J.S. was a known and confirmed counterfeiter. The fact that the Government did not interview an individual known by it to be untrustworthy and who later died does not show actual prejudice. "'[P]otential prejudice and the passage of time' are not sufficient to establish a due process claim based upon pre-indictment delay, nor is an asserted general deficiency in developing a potential defense." **Id., citing Marion, 404 U.S. at 323, Jones, 94 F.3d at 906, United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 403 (4th Cir. 1985).** "For example, although the defendant in *Automated Medical Laboratories* identified a particular witness that would have testified had there not been preindictment delay, [the Fourth Circuit] noted that the content of the witness' testimony remained 'highly speculative' and found little, if any prejudice to the defendant from the delay." **United States v. Jackson, 131 F.3d 137 \*\*1 (4th Cir. 1997).**

Discussions between the Government and the Defendant's prior attorney may well have resulted in efforts on the part of the Defendant's

prior attorney to either delay or altogether avoid indictment. **Dizelos, supra.** The Defendant has offered his opinion about the Government's failure to indict earlier but in order to show actual substantial prejudice, he may not rely on speculation. **Automated, 770 F.2d at 404.** "Asserted general difficulty in developing a potential defense does not amount to *actual* prejudice." **Jackson, supra.** Proving actual substantial prejudice

> is a heavy burden because it requires not only that a defendant show prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was *substantial*-that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected. When the claimed prejudice is the unavailability of witnesses, ... courts have generally required that the defendant identify the witness ..., demonstrate, with specificity, the expected content of that witness' testimony; ... and finally, show that the information the witness would have provided was not available from other sources.

**Jones, 94 F.3d at 909.**

Although the Defendant has identified J.S., the content of any testimony from him is, at best, speculative. Nor has the Defendant shown that this information could not have been obtained from other witnesses or sources, such as the business records which were removed at the time of the search and subsequently returned to the Defendant.

In fact, the bulk of the Defendant's motion is directed toward reasons for continuing the case rather than a true showing of actual substantial

prejudice. Because the first prong has not been met, the Court will not balance the Defendant's alleged prejudice against the Government's justification.

## THE MOTION TO CONTINUE

The Defendant is represented by two competent retained counsel. As a result, they should be able to prepare for trial twice as fast as one counsel. The Court will not continue the case; however, in view of the secured leave of one defense counsel, the case will be the first for trial.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss for pre-indictment delay is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Defendant's motion to continue is hereby **DENIED** but this case is the first case for trial on July 9, 2007.

Signed: July 1, 2007

Lacy H. Thornburg
United States District Judge