# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:07cr46

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MICHAEL G. POPE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion for bail pursuant to 18 U.S.C. § 3143(b). [Doc. 33].

The Defendant was sentenced on June 30, 2008, to thirty-seven (37) months of imprisonment. Following the entry of Judgment [Doc. 25]., the Defendant filed a motion to vacate under 28 U.S.C. § 2255. [Doc. 29]. On May 4, 2010, the Court granted the Defendant's motion in part and directed the Clerk to enter an Amended Judgment from which the Defendant could appeal. [Doc. 31]. The Defendant filed a notice of appeal [Doc. 34], and now seeks to be released on bail pending his appeal. [Doc. 33].

There is a presumption under 18 U.S.C. § 3143(b) that a defendant who has been found guilty of an offense and sentenced to a term of

imprisonment shall be detained pending appeal. See 18 U.S.C. § 3143(b)(1). A defendant may be released pending appeal, however, if the defendant shows:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The burden is on the defendant to show that he should be released pending appeal. See United States v. Hamrick, 720 F.Supp. 66, 67, (W.D.N.C. 1989). "While [§ 3143(b)(1)] does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception." Id.

In the present case, the Defendant contends that by letting him self-surrender in 2008, this Court was satisfied that he was not likely to flee or a danger to any person or the community, and thus the first prong of § 3143(b) should be considered met. Even assuming that the Defendant has satisfied the first prong of § 3143(b), however, the Defendant also must satisfy the second prong of the statute. To meet this burden, the Defendant recites a cursory list of the various issues he intends to raise on appeal. The Defendant, however, fails to cite any case law or explain to the Court why these issues raise a substantial question of law or fact likely to result in a reversal, a new trial, or a reduced sentence. See 18 U.S.C. § 3143(b)(2). "A defendant that wishes to be released on bail pending appeal is required to come forward with a substantial question likely to result in reversal. It is not sufficient for the defendant . . . to merely note some aspects of his case that he is now unpleased with." Hamrick, 720 F.Supp. at 68. For these reasons, the Defendant's motion for bail will be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's motion for bail pursuant to 18 U.S.C. § 3143(b) [Doc. 33] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 31, 2010

Martin Reidinger
United States District Judge